**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**LEAPERT THOMAS,**

       **Petitioner,**

**vs.**                                 **Case No. 4:14cv73-MW/CAS**

**STATE OF FLORIDA,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On February 4, 2014, Petitioner submitted for mailing a pro se "Petition for a Writ of Error Coram Nobis and Emergency Motion for Post-conviction Relief, Motion to Vacate Judgment, Set Aside Sentence." Doc. 1. Petitioner has also submitted a motion seeking leave to proceed in forma pauperis. Doc. 2.

Petitioner indicates he is currently being detained by the Department of Homeland Security, Immigration Customs Enforcement, in the Baker County Detention Center, facing imminent deportation proceedings as a result of a guilty plea and sentence on January 14, 2014, in cases "12000964CFAXMX AND 12000965CFAXMX." Doc. 1 at 3, 5, 18-20. From information Petitioner included in his certificate of service, these convictions appear to be from a Florida state court in the Tenth Judicial Circuit,

Highlands County.  *See id.* at 20.  A search on the website for the Florida Department of

Corrections confirms that Petitioner's state court convictions are from Highlands County.

*See* www.dc.state.fl.us.

Petitioner evidently names the State of Florida as Respondent because

Petitioner argues that his state court conviction is based on an involuntary guilty plea

resulting from the ineffectiveness of counsel for failing to advise Petitioner of the

immigration consequences of entering such a plea.  *See* Doc. 1 at 1-4, 16-19.

Petitioner states he was charged with "CT. 2: SALE OF COCAINE (FS)" in cases

"12000964CFAXMX AND 12000965CFAXMX," entered a guilty plea, and was

sentenced, on January 14, 2014, to 364 days followed by five years' probation, to run

concurrently, in both cases.  *Id.* at 3; *see id.* at 5.  Petitioner states that had he not

received "ineffective advice by counsel," he would not have accepted the plea and he

now wishes to withdraw his plea.  *Id.* at 3; *see id.* at 16-19.  Petitioner states he did not

file this motion earlier because he was not aware of the mandatory immigration

consequences until he was detained by the Department of Homeland Security.  *Id.* at 4.

Petitioner indicates he is unable to seek remedy in state court.  *Id.*  Petitioner also

indicates "he was unaware of the impact of his 2012 case," but he does not provide any

additional information about such case.  *Id.*; *see id.* at 18  Petitioner states he "is in the

midst of federal prosecution, based at least in part, on the 2012 case for count 2. SALE

OF COCAINE. (FS) that may lead him to deportation from U.S.," thus Petitioner may be

referring to the same cases he indicates he was sentenced for on January 14, 2014.  *Id.*

at 5.  Petitioner indicates he "is in the midst of an Immigration Removal Proceeding for

accepting a plea bargain on April 19, 2012 that has led to his immigration removal proceedings." *Id.* at 11.[1]  Again, it is unclear whether the April 19, 2012, plea bargain constitutes a separate case.

Based on the foregoing, the core claim in this challenge, as best can be determined, asserts that Petitioner's state court conviction, which apparently led to his current detention and pending deportation, resulted from an involuntary guilty plea due to counsel's ineffective assistance, in violation of the Sixth Amendment, in failing to advise Petitioner of the immigration consequences of entering such a plea in state court. *See* Doc. 1 at 1-4, 16-19.  Petitioner's claim is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356 (2010), that counsel must advise a non-citizen client of the immigration consequences of pleading guilty and holding that Strickland v. Washington[2] applies to such claims.  Petitioner's state court conviction appears to be from a state circuit court in Highlands County, Florida, which is in the Southern District of Florida. *See* Doc. 1 at 20; 28 U.S.C. § 89(c).

This Court does not have jurisdiction over this petition for writ of error coram nobis.  As the Fifth Circuit Court of Appeals has referenced, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."  Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) (quoting

---

[1]This same allegation appears verbatim in a petition for writ of coram nobis filed in at least one other case in this Court; indeed, most of the petition appears exactly the same.  *See* Doc. 1 in Perez v. State of Florida, 4:14cv37-MW/CAS.

[2]  In Strickland v. Washington, 466 U.S. 668, 692 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

portion of district judge's order included in appendix to opinion affirming decision).

"[T]he 'function of the writ of error coram nobis is to permit a court to review its own judgment,' not to provide a state inmate with an alternative avenue to challenge his conviction in federal court." Wilson v. State of Mississippi, No. 5:12cv137-DCB-RHW, 2012 WL 6018035, at *1 (S.D. Miss. Dec. 3, 2012) (quoting Sinclair, 679 F.2d at 515). Such a writ must be filed in the court of conviction. See Sinclair, 679 F.2d at 514.

To the extent Petitioner is attempting to challenge, pursuant to 28 U.S.C. § 2254, a 2012 or 2014 convictions from the state court in Highlands County, Florida, this Court also does not have jurisdiction. For a § 2254 petition, jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d). The district of conviction appears the most convenient. See, e.g., Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992). Accordingly, it is respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Southern District of Florida, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**